Filed 9/17/15  P. v. Ramirez CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LEONARDO RAMIREZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B263167<br>(Super. Ct. Nos. 2013020150 &<br>2013036190)<br>(Ventura County) |

In October 2013, appellant was charged in case No. 2013020150 with possessing methamphetamine (Health & Saf. Code, § 11377, subd. (a)), driving under the influence of alcohol or drugs (Veh. Code, § 23152, subds. (a)), and driving with a suspended license.  (Veh. Code, § 14601.2, subd. (a).)  It was alleged that appellant had a blood alcohol content of .15 percent or higher and two prior driving under the influence convictions.

Two months later, appellant was charged in case No. 2013036190 with possessing methamphetamine (Health & Saf. Code, § 11377, subd. (a)), driving under the influence of alcohol or drugs (Veh. Code, § 23152, subd. (a)), being under the influence of a narcotic (Health & Saf. Code, § 11550, subd. (a)) and driving with a suspended license.  (Veh. Code, §§ 14601.2, subd. (a).)  The driving under the influence charge was alleged as a felony on the basis that appellant had two prior driving under the influence

convictions within a 10-year period and had committed a third such offense in the October case. (Veh. Code, §§ 23217, 23550.) It also was alleged that appellant was out-on-bail at the time the crimes were committed. (Pen. Code, § 12022.1.)

Appellant pled guilty to the methamphetamine possession and driving under the influence charges in the first case. He also admitted to two prior driving under the influence convictions and having a blood alcohol content over .15 percent. (Veh. Code, § 23578.) In the change of plea form, appellant acknowledged that he could be sentenced to county jail for a maximum of three years.

Appellant also pled guilty to the driving under the influence charge with priors in the second case and admitted the out-on-bail allegation. The other charges and allegations were dismissed. Appellant acknowledged in the plea form that he could be sentenced to county jail for a maximum of five years eight months for this conviction.

The trial court reduced appellant's methamphetamine possession charge to a misdemeanor and struck the out-on-bail allegation. It sentenced appellant to the upper term of three years in jail on the felony driving under the influence charge in case No. 2013036190 and to a concurrent term of 120 days on the misdemeanor driving under the influence charge in case No. 2013020150. Presentence credits of 65 days were awarded. The court also imposed restitution and other fines and fees.

We appointed counsel to represent appellant in this appeal. After examining the record, counsel filed an opening brief raising no issues and requesting that we independently examine the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

We advised appellant in writing that he had 30 days within which to personally submit any contentions or issues he wished to raise on appeal. Appellant submitted a two-page, handwritten letter, translated from Spanish, in which he complains his attorney originally told him he was going to serve three years and then later told him that he was going to serve five years eight months. The record reflects, however, that appellant was sentenced to three years, not five years eight months. Appellant also asks us for assistance with his appeal, but our role is limited to reviewing the record for error.

2

In June 2013, a police officer stopped appellant and arrested him for driving under the influence. Appellant had a blood alcohol content of 0.25 percent and possessed a small amount of methamphetamine. He did not have a valid driver's license.

In November 2013, an officer saw appellant in a car parked on the side of the road. The officer determined appellant had been driving and arrested him for driving under the influence. His blood alcohol content was 0.22 percent.

We have examined the record and are satisfied that appellant's attorney has fully complied with the responsibilities of counsel and that no arguable issue exists. (*People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


GILBERT, P. J.


YEGAN, J

3

David M. Hirsch, Judge

Superior Court County of Ventura

_____


California Appellate Project, Jonathan B. Steiner, and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.